IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Sean Riker,
    Plaintiff,

vs.

Harley Lappin, et alii,
    Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO
SEP 14 2023
JEFFREY P. COLWELL
CLERK

Case; 05-cv-01179-MSK-PAC

MOTION FOR LEVEL 1 RESTRICTED ACCESS OF ENCLOSED DOCUMENTS

Comes Now, Sean Riker, Plaintiff, pro se moving this court to restrict access to the attached documents/court information under D.C.COLO.L.CrR 47.1:

### Facts

1. Sean Riker, hereinafter SR, serves 200 years in Wisconsin state prison for crimes he did not commit.

2. Every inmate in both state and federal prison facilities have unimpeded access to Lexis Nexis and WestLaw.com. The majority of inmates use these websites to dig up dirt on other inmates and some informations cause violence to the point of murdering inmates with "code violation" infractions. And a few inmates use these websites to do actual legal work.

3. SR has attached two entries from WestLaw.com, and that are also available onLexisNexis.com, that are causing him threats of violence and his eventual murder, due to the underlined content.

    a) In a related case; U.S. V. Mark Jordan, 04-cr229-LTB, Jordan testified at his evidentiary hearing where he gave up information on inmates in federal prison that would get him killed if his testimony was revealed on the legal websites available to fellow inmates. In his case, docket no. 775, Jordan filed a motion to restrict access to his testimony that would get him killed if it were available to fellow inmates. This court GRANTED his motion due to the fact that the need to protect HIM far outweighed the PUBLICS RIGHT OF ACCESS. SR appeals to this court under the same merits as Jordan.

    4. Within the attached WestLaw documents SR has underlined everything he would like redacted from public view because these terms WILL eventually get him killed: "Confidential Informant," ..."Imminent danger of harm from other inmates," "...Protective Custody," "Informer,"....etc, etc...

### FURTHERMORE

1.

5. SR asks this court, regardless of this courts ruling, to restrict access to this motion AND the courts ruling because it would only further inflame inmate sentiment and provoke an earlier response to kill SR or cause him bodily harm.

6. SR is NOT asking this court to block the entire case law. Just the underlined portions in SR's attached [E]xhibits 1 & 2.

## CONCLUSION

7. For the reasons stated herein, SR PRAYS that this court GRANT his request to restrict access to the specified underlined words, sentences and/or phrases posthaste respectfully.from court info available to the public.

8. Lastly, SR provides the latest "kite" (note from an inmate) that threatens his life. SR serves LIFE and protective custody, also known as solitary confinement, is NOT an option for him as years of solitary is cruel and unusual punishment. SR is in general population but self-isolates but with general population privileges, which makes it not completely solitary but having these attached entries available while in general population is dangerous. That's why SR asks respectfully for a posthaste ruling. Security IS aware of this dilemma and most likely urges this motion be dealt with as soon as possible.

Executed this 10th day of September, 2023

*Sean Riker* (signature)
Sean Riker #567232
WSPF POB 1000
Boscobel, WI.
53805

Attachments: Exhibit(s), 1, 2, 3

2.